<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| POMPTONIAN FOOD SERVICE MANAGEMENT, INC., | Civil Action No. 24-06947 |
| Plaintiff, | **OPINION & ORDER** |
| v. | January 21, 2025 |
| HOWARD GRINBERG, |  |
| Defendant. |  |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Defendant Howard Grinberg's ("Grinberg" or "Defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 7, "MTD.")[1] Plaintiff Pomptonian Food Service Management, Inc. ("Pomptonian" or "Plaintiff") opposed. (ECF 13, "Opp.") Defendant filed a reply brief. (ECF 14, "Reply.") The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1; and

**WHEREAS** Grinberg was a former Pomptonian executive with knowledge of Pomptonian's inner workings and strategic operations, including access to trade secrets. (Am. Compl. ¶ 3.) Since his resignation, Grinberg is alleged to have continued solicitation of key employees and to have misappropriated Pomptonian's confidential and proprietary information. (*Id.* ¶¶ 4, 6.) The Amended Complaint brings five claims against Grinberg: violation of the Defend

---

[1] Plaintiff filed an Amended Complaint after the original motion to dismiss was filed. (ECF 8, "Am. Compl.") Defendant filed a letter asserting that the Amended Complaint did not change his arguments from the original motion to dismiss. (ECF 11.) Accordingly, the Court will consider the original motion to dismiss on the merits. (*See* ECF 12.)

Trade Secrets Act, 18 U.S.C.A. § 1831 *et seq.* ("DTSA") (Count I); violation of the New Jersey Trade Secrets Act, N.J. Stat. Ann. § 56:15-1 *et seq.* ("NJTSA") (Count II); tortious interference with business relationships (Count III); unfair competition (Count IV); and breach of contract (Count V). (*Id.* at 22-30); and

**WHEREAS** Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789. In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015); and

2

**WHEREAS** the Amended Complaint sufficiently states a claim under the DTSA and the NJTSA, for tortious interference with business relationships, unfair competition, and for breach of contract. Defendant argues that the Amended Complaint fails to state a claim for each cause of action. (MTD at 10-29.) With respect to the breach of contract claim, Defendant centers its argument on a factual dispute better suited for a motion for summary judgment. The inquiry at a motion to dismiss does not delve into factual disputes between the parties: a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). The Amended Complaint sufficiently pleads its breach of contract claim. (*See* Amended Compl. ¶¶ 140-49); and

**WHEREAS** Defendant argues that Plaintiff failed to plead facts sufficient to establish a claim for the misappropriation of trade secrets under the DTSA and the NJTSA. (MTD at 14-23.) In particular, Defendant argues that Plaintiff failed to allege that Defendant already used or disclosed the alleged confidential and proprietary information (*Id.* at 16.) However, the Amended Complaint does specifically allege misappropriation of the alleged trade secrets sufficient to withstand the motion to dismiss. Both the DTSA and the NTJSA require claimants to demonstrate "(i) the existence of a trade secret, defined broadly as information with independent economic value that the owner has taken reasonable measures to keep secret, and (ii) misappropriation of that secret, defined as the knowing improper acquisition and use or disclosure of the secret." *Par Pharm., Inc. v. QuVa Pharma, Inc.*, 764 F. App'x 273, 278 (3d Cir. 2019) (citing 18 U.S.C. §§ 1836(b)(1); 1839(3), (5); N.J. Stat. Ann. § 56:15-2). Here, Plaintiff specifically alleges that Defendant improperly emailed alleged trade secrets to his personal email account.[2] (Am. Compl. ¶¶ 69-71.) As such, the misappropriation of trade secrets claims survive.

---

[2] Defendant makes a similar argument with respect to the tortious interference claim and the unfair competition claim, arguing that these claims are improperly premised on speculative activity that may happen in the

Accordingly,

**IT IS** on this 21st day of January 2025,

**ORDERED** that Defendant's motion pursuant to 12(b)(6) (ECF 7) is hereby **DENIED**.

**SO ORDERED.**

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:    Clerk
cc:       Jessica S. Allen, U.S.M.J.
          Parties

---

future. However, the Amended Complaint sufficiently alleges the tortious interference claim by alleging Defendant's specific actions in, *inter alia*, taking confidential or proprietary property to target Plaintiff's accounts. Defendant's conduct is alleged to have disrupted Pomptonian's business. (*See* Am. Compl. ¶¶ 123-27.) Further, these factual allegations also sufficiently state a claim for common law unfair competition. (*Id.* ¶¶ 130-39.) Accordingly, the tortious interference claim and unfair competition claim also survive the motion to dismiss.